1  Veronica T. Hunter (SBN 259859)
2  JACKSON LEWIS P.C.
   93 Red River Street, Suite 1150
3  Austin, Texas 78701
   Telephone: (512) 362-7100
4  Facsimile:  (512) 362-5574
   Veronica.Hunter@jacksonlewis.com
5
6  Attorneys for Defendant
   MANAGEMENT & TRAINING CORPORATION
7
8
9              UNITED STATES DISTRICT COURT
10             SOUTHERN DISTRICT OF CALIFORNIA
11

| | |
|---|---|
| 12  LLOYD RODRIGUEZ,<br><br>13        Plaintiff,<br><br>14     vs.<br><br>15  MANAGEMENT & TRAINING<br>    CORPORATION, a Delaware corporation;<br>16  and DOES 1 to 50, inclusive,<br><br>17        Defendants.<br>18<br>19<br>20 | CASE NO. '24CV1782 WQHDDL<br><br>**DEFENDANT MANAGEMENT & TRAINING CORPORATION'S NOTICE REMOVAL PURSUANT TO 28 U.S.C. §§ 1332, 1391(b), 1441(a) and (b) AND 1446**<br><br>[Imperial Superior Court<br>Case No. ECU003495]<br><br>Action Filed:    April 22, 2024<br>Date Removed:  October 4, 2024 |

21    **TO THE HONORABLE CLERK OF THE UNITED STATES DISTRICT
22  COURT FOR THE SOUTHERN DISTRICT OF CALIFORNIA, PLAINTIFF
23  LLOYD RODRIGUEZ AND HIS ATTORNEYS OF RECORD:**
24    **PLEASE TAKE NOTICE** that Defendant Management & Training Corporation
25  ("Defendant"), hereby invokes this Court's jurisdiction under the provisions of 28 U.S.C.
26  §§ 1332, 1391(b), 1441(a) and (b), 1446 removing this action originally filed as Case No.
27  ECU003495 in the Superior Court of the State of California, Imperial County (the "State
28  Lawsuit").

## RELEVANT BACKGROUND

On January 20, 2023, Plaintiff filed a Complaint in the Superior Court of the State of California, Imperial County, asserting four causes of action arising under California Gov. § 12940, otherwise known as the Fair Employment and Housing Act ("FEHA"), as well as a claim for wrongful termination in violation of public policy. A true and correct copy of the Complaint is attached as **Exhibit A** to the Declaration of Veronica T. Hunter ("Hunter Declaration" or "Hunter Decl.").

Plaintiff's claims arise from his termination on or about April 21, 2020. *See* Complaint at ¶ 11. Plaintiff seeks damages for "all non-monetary and compensatory harm" as well as "any and all other monetary and/or non-monetary losses suffered by Plaintiff[.]" Complaint at 9, ¶¶ B-C. At the time of his termination, Plaintiff was a full-time employee (*i.e.*, 40+ hours per week) and paid an hourly rate of $29.73. *See* Declaration of Brandi Haley ("Haley Declaration" or "Haley Decl."). Plaintiff is a resident of the state of California. Complaint at ¶ 8.

Defendant was served with process on September 4, 2024. A true and correct copy of the Proof of Service of Summons is attached as **Exhibit C** to the Hunter Declaration. This Notice of Removal is filed within 30 days of Defendant being served and therefore is timely. *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc*, 526 U.S. 344, 354 (1999) ("[T]he defendant's period for removal will be no less than 30 days from service, and in some categories, it will be more than 30 days from service, depending on when the complaint is received.")

## GROUNDS FOR REMOVAL

**A.   Removal is Proper Based on Diversity Jurisdiction**

Defendant may properly remove the Complaint based on diversity jurisdiction pursuant to 28 U.S.C. § 1332(a). Diversity jurisdiction exists where the matter in controversy exceeds $75,000 and is between citizens of different states. *Id*. A person is a citizen of the state in which they are domiciled. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). A corporation is a citizen of the state in which it is incorporated

as well as the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1); *Hertz v. Friend*, 559 U.S. 77, 92-93, 130 S. Ct. 1181, 175 L. Ed. 2d 1029 (2010).

Where it is not facially evident from the complaint that more than $ 75,000 is in controversy, the removing party must prove, by a preponderance of the evidence, that the amount in controversy meets the jurisdictional threshold. *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003). "In addition to the contents of the removal petition, the court considers 'summary-judgment-type evidence relevant to the amount in controversy at the time of removal,' such as affidavits or declarations." *Corsino v. Perkins & Marie Callender's, Inc.*, No. CV 09-09031 MMM (CWx), 2010 U.S. Dist. LEXIS 10009, at *8 (C.D. Cal. Jan. 19, 2010) (quoting *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004)).

Complete diversity of citizenship exists in this case. Plaintiff is a citizen of California within the meaning of 28 U.S.C. § 1332(a). See Complaint at ¶ 8. Defendant is a corporation organized under the state of Delaware with its principal place of business in Centerville, Utah.  *See* Haley Decl at ¶ 3. Thus, Defendant is a citizen of Delaware and Utah.

Plaintiff's Complaint does not specify the amount-in-controversy. However, he seeks an award of "all other monetary and/or non-monetary losses suffered by Plaintiff." *See* Complaint at 9, ¶¶ B-C. This presumably includes back wages. *See, e.g., Lloyd v. Conseco Fin. Corp.*, No. CV 00-10452 MMM(RNBx), 2001 U.S. Dist. LEXIS 26234, at *21-22 (C.D. Cal. Oct. 18, 2001) ("Generally, a plaintiff is entitled to an award of back pay from the date of the discriminatory or retaliatory termination through the date of judgment.") At the time of his termination, Plaintiff was paid an hourly rate of $29.73 / hour. *See* Haley Decl at ¶ 4. Accordingly, in a standard 40-hour workweek, Plaintiff would earn an approximate salary of $1,189.20 per week. Over 230 weeks have accrued between Plaintiff's alleged termination on April 21, 2020, and the current date. Thus, Plaintiff has accrued approximately $273,516.00 in potential back wages, and counting. This far exceeds the $75,000.00 amount-in-controversy requirement. Plaintiff also seeks

emotional distress damages, punitive damages, costs, and attorneys' fees, which further increase the amount in controversy. *See* Complaint at 9-10, ¶¶ B-E.

Because the complete diversity and amount-in-controversy requirements are met, diversity removal jurisdiction is proper in this case.

**B.  Venue is Proper in the Southern District of California**

28 U.S.C. §1441(a) provides a case may be removed to the "district court of the United States for the district and division embracing the place where such action is pending." Because this action was filed in Imperial County, California, venue properly lies in the Southern District of California. *See* 28 U.S.C. § 84(d) ("The Southern District of California comprises the counties of Imperial and San Diego.") Venue is also proper under 28 U.S.C. § 1391(b), which provides that a civil action may be venued in a judicial district where a substantial part of the events or omissions giving rise to the claim occurred. *See* Complaint at ¶ 9.

Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal will be contemporaneously filed with the clerk of the Superior Court of California, County of Imperial, and served on Plaintiff. pursuant to 28 U.S.C. §1446(a) true and correct copies of all process, pleadings, and orders filed in said cause are included in as **Exhibits A-C** to the Hunter Declaration.

### PRAYER

WHEREFORE, Defendant requests that this Court assume full jurisdiction over this matter as provided by law and for such relief to which Defendant is entitled.

Dated:  October 4, 2024                          JACKSON LEWIS P.C.

By:  */s/ Veronica T. Hunter*
Veronica T. Hunter

Attorney for Defendant
MANAGEMENT & TRAINING CORPRATION